IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAPA M. SOW, | : | |
| | : | Case No. 2:23-cv-04125 |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| SYSCO CORP., *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before this Court on Defendants Defendants Sysco Corporation, The SYGMA Network Inc., Mallory Williams, and Dustin Halbert's ("Defendants") motion to dismiss Plaintiff's Amended Complaint (ECF No. 7). For the reasons set forth below, the Motion is (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Plaintiff Papa M. Sow formerly worked as an employee at one of Defendant The SYGMA Network, Inc.'s ("Sygma") warehouses and was a member of the Teamsters Local 284 union. (ECF No. 1). On November 30, 2022, Sygma terminated Plaintiff's employment. (*Id.*). On January 26, 2023, Plaintiff filed a charge of discrimination against Sygma with the Ohio Civil Rights Commission ("OCRC"), alleging discrimination on the basis of his race, national origin, and age. (*Id.*). He received his right to sue letter on January 11, 2024. (*Id.*).

On December 15, 2023, Plaintiff filed this action, *pro se*, against Sygma, its parent company Sysco Corporation ("Sysco"), and Sygma employees Mallory Williams ("Williams"),

and Dustin Halbert ("Halbert"),[1] alleging that he was discriminated against on the basis of his race, national origin, and age. (ECF No. 1). Specifically, Plaintiff alleges the following causes of action against Defendants SYGMA, Sysco, Williams, and Halbert (collectively "Defendants"): (1) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) discrimination based on national origin in violation of Title VII; and (3) discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). (ECF No. 7 ¶¶ 1-3). On April 24, 2024, Defendants moved to dismiss the Amended Complaint. (ECF No. 13). Plaintiff opposed (ECF No. 20), and Defendants replied (ECF No. 21). This matter is now ripe for resolution.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for

---

[1] According to Defendants, Sysco owns SYGMA via a holding corporation. Williams and Halbert are both employed by SYGMA. (ECF No. 13 at 2 n.1).

2

relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019). Although filings by *pro se* litigants are entitled to a liberal reading, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### III.   LAW & ANALYSIS

Defendants seek dismissal on three grounds. First, they argue that Plaintiff's discrimination claims against Halbert and Williams fail because they are not employers. (ECF No. 13 at 5). Next, they argue that Plaintiff's discrimination claims against Sysco fail because Plaintiff has not pleaded facts that Sysco is liable as an employer. (*Id.*). Finally, Defendants contend that Plaintiff fails to state a plausible race, national origin, and age discrimination claim against Defendants under Title VII and ADEA. (*Id.* at 7).

#### A.  Claims Against Halbert and Williams

The Sixth Circuit has held that individuals who do not otherwise qualify as an "employer" cannot be held individually liable under Title VII. *Wathen v. General Electric Co.*, 115 F.3d 400, 403–06 (6th Cir.1997); *see Liggins v. State of Ohio*, 210 F.3d 372 (6th Cir. 2000) ("[N]amed defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes [including the ADEA], and accordingly cannot be held personally liable for discrimination[.]"). An "employer" under Title VII is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." 42 U.S.C. § 2000e(b).

Defendants argue that, although Halbert and Williams are employees of Sygma, they are not "employers" subject to individual liability under Title VII or the ADEA. Having reviewed Plaintiff's allegations, this Court finds that Plaintiff has failed to allege that they are within the definition of "employer" for purposes of this suit. Accordingly, Plaintiff's claims against Halbert and Williams are **DISMISSED WITH PREJUDICE**.

### B.  Claims Against Sysco

Defendants note that "SYGMA is a subsidiary of Sysco, a publicly traded company," and "an independent operating company in the business of food service marketing and distribution." (ECF No. 13 at 5 – 6). They note that "[a]t all times relevant, Plaintiff worked for SYGMA and not Sysco." (*Id.*).

For Title VII liability to a parent company, there must be "sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Anwar*, 876 F.3d at 852 (quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir. 1983), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). A "parent [company] is not responsible for a subsidiary's Title VII violations absent special circumstances." Id. (citing Armbruster, 711 F.2d at 1337). In *O'Neill v. Scripps Media, Inc.*, 2024 WL 836955, at *4 (S.D. Ohio Feb. 28, 2024), this Court held:

> Plaintiff's amended complaint fails to provide any factual information that would support treating [Parent Company] as her employer under any of the legal theories generally referenced in her response. Without a plausible basis under which [Parent Company] could be held liable, plaintiff's amended complaint should be dismissed against [Parent Company] on all counts. *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

*O'Neill v. Scripps Media, Inc.*, 2024 WL 836955, at *4 (S.D. Ohio Feb. 28, 2024). Like *O'Neill*, Plaintiff's Amended Complaint here does "not allege facts showing that [Sysco] supervised [Sygma's] employees, hired or fired [Sygma's] employees, controlled their work assignments, or conducted other activities commonly performed by employers." *Id.* Nor has plaintiff "provided any information about [Sysco's] business or its interrelated operations with [Sygma] . . . ." *Id*. In fact, the Amended Complaint does not mention Sysco at all, aside from naming it as a party in the action. (*See* ECF No. 7; *see also* ECF No. 13 at 6 ("Other than being the parent company of SYGMA, Sysco is unaware of why they are in this litigation.")).

Because Plaintiff's Amended Complaint does not sufficiently plead any claim against Sysco, Plaintiff's claims against Sysco are **DISMISSED WITH PREJUDICE**.

### C.  Title VII and ADEA Claims

Finally, Defendants argue that Plaintiff's discrimination claims under Title VII and ADEA fail because the Amended Complaint "does not include factual allegations that plausibly connect Plaintiff's termination to his race, national origin, or age." (ECF No. 13 at 7).

Title VII discrimination cases are generally subject to the *McDonnell-Douglas* framework, in which a plaintiff may set forth a prima facie case of discrimination by showing that: "(1) he is a member of a protected class; (2) was qualified for the job; (3) [ ] suffered an adverse employment decision; and (4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008). In the Title VII context, "a plaintiff can survive a motion to dismiss if he 'present[s] facts that, based on the Court's common sense and judicial experience, somehow otherwise show that he has a plausible claim of discrimination' — even if he does not successfully plead plausibility under the *McDonnell Douglas* framework." *See Erikson v. Xavier Univ.*, No. 1:23-CV-66, 2024 WL 1156313, at *2 (S.D. Ohio Mar. 18, 2024) (quoting *Southall v. Ford Motor Co.*, 645

F. Supp. 3d 826, 834 (S.D. Ohio 2022)). "[S]o long as a plaintiff's complaint provides a defendant with fair notice of the basis [of his] claims, and an adequate factual basis for those claims, a plaintiff's claim of employment discrimination will survive a motion to dismiss." *Waters v. Drake*, 105 F. Supp. 3d 780, 804 (S.D. Ohio 2015) (cleaned up).

For an age discrimination claim under the ADEA, there are "two essential elements": (1) "the plaintiff suffered an adverse employment action"; and (2) that adverse employment action was "*because of* the plaintiff's age." *Montgomery v. Omnisec Int'l Sec. Servs., Inc.*, 961 F. Supp. 2d 178, 183 (D.D.C. 2013) (citing *Baloch v. Kempthorne,* 550 F.3d 1191, 1196 (D.C. Cir. 2008)). Defendants do not appear to dispute that Plaintiff alleged an adverse employment action, acknowledging in their motion that he was terminated. (ECF No. 13 at 2). Defendants do, however, argue that Plaintiff fails to allege sufficient facts to show that his age (or any other protectable category) was the basis for the termination.

Admittedly, Plaintiff did not expressly assert a causal relationship between his termination and the discrimination he allegedly suffered. Nor does Plaintiff identify his own age, race, or national origin for this Court to draw reasonable inferences in his favor. The Amended Complaint states that Plaintiff has been "discriminated based on [his] race, age, and national origin"; that he "has been treated differently than other Caucasian employees"; and that he was terminated. (ECF No. 7). In his opposition, Plaintiff elaborates that he has "been treated less favorably, harassed than my Caucasian co-workers who called-off, drinking on the job, missing days, stealing and selling Sygma's product, have more points than me (never have a point for 15 years). Some of them under influence went to jail and came back to work." (ECF No. 20).[2]

---

[2] "Because Plaintiff's *pro se* status mandates a liberal reading of [his] papers, the facts of this case and the sufficiency of Plaintiff's pleadings are determined by reference to both Plaintiff's amended complaint and her opposition to the instant motion." *Palmer v. Shchegol*, 406 F. Supp. 3d 224, 228 (E.D.N.Y. 2016).

For race discrimination under Title VII, a liberal construction of plaintiff's *pro se* pleading leads to a "conclusion that plaintiff believes the [] facts [of termination and racial discrimination] were causally linked." *See Montgomery, Inc.*, 961 F. Supp. 2d at 183. At the motion to dismiss stage, Plaintiff's allegations are therefore sufficient to allege a plausible claim under Title VII. *See Gray v. Universal Serv. Admin. Co.*, 581 F.Supp.2d 47, 55 (D.D.C. 2008) (denying motion to dismiss discrimination claim because the plaintiff had alleged that her termination was based on her race and that she was treated less favorably than other employees of other races); *Winston v. Clough*, 712 F.Supp.2d 1, 10 (D.D.C.2010) (denying motion to dismiss discrimination claim because plaintiff alleged that his suspension was motivated by his race and claimed that other employees outside of his protected class had not been reprimanded for similar conduct); *Ghawanmeh v. Islamic Saudi Acad.*, 672 F.Supp.2d 3, 15–16 (D.D.C. 2009) (declining to dismiss plaintiff's race discrimination claim despite the fact that she did not specifically identify the other similarly situated individuals who were not fired for the same conduct).

Because Plaintiff's Title VII race-based wrongful termination claim may have merit but requires additional factual information, this Court will afford Plaintiff the opportunity to amend his Complaint to include the facts alleged in his opposition, as well as additional facts that support a *prima facie* case of discrimination, specifically facts that show that he is a member of a protected class. *See Arendale*, 519 F.3d at 603; *see also Arteaga v. Cinram-Technicolor*, No. 3:19-CV-00349, 2020 WL 433990, at *7 (M.D. Tenn. Jan. 28, 2020) ("[G]iven Arteaga's pro se status, and because it appears that she might be able to plead claims for discrimination and retaliation if she were to provide the underlying factual context, she should be afforded an opportunity to amend her complaint to include allegations that meet the plausible pleading standard . . . ."), *report and recommendation adopted*, No. 3:19-CV-00349, 2020 WL 1905176 (M.D. Tenn. Apr. 17, 2020)

Accordingly, Defendants' motion is **DENIED** as to Plaintiff's Title VII race-based wrongful termination claim against Sygma.

By contrast, as explained above, Plaintiff's factual allegations are insufficient to support his claims under ADEA and Title VII for wrongful termination on the basis of age and national origin, even when liberally construed. This Court therefore **GRANTS** Defendants' motion to dismiss those claims, and those claims are **DISMISSED WITHOUT PREJUDICE** and with **LEAVE TO AMEND**.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART**.  Defendants' motion is **GRANTED** as to Plaintiff's ADEA claim and Plaintiff's Title VII wrongful termination claims against Sygma premised on national origin and age, which are hereby **DISMISSED WITH LEAVE TO AMEND**. Defendants' motion is **DENIED** as to Plaintiff's Title VII race-based wrongful termination claims against Sygma. Defendants' motion is **GRANTED** as to Plaintiff's claims against Defendants Halbert, Williams, and Sysco, which are hereby **DISMISSED WITH PREJUDICE**.

Plaintiff shall have **thirty (30) days** from the date of this Opinion and Order in which to file an amended complaint that remedies the aforementioned defects in Plaintiff's ADEA claim and Plaintiff's Title VII wrongful termination claims against Sygma premised on race, national origin and age. Failure to do so will result in dismissal of those claims with prejudice.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2025**

8