IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAPA M. SOW,**

    **Plaintiff,**

  v.                                                   **Civil Action 2:23-cv-4125**
                                                          **District Judge Algenon L. Marbley**
                                                           **Magistrate Judge Kimberly A. Jolson**

**SYSCO CORP., et al.,**

    **Defendants.**

## ORDER

Before the Court are five motions: Plaintiff's Motion for a Protective Order (Doc. 43), Plaintiff's Motion to Compel (Doc. 49), Plaintiff's Notice of Correction and Request for the Court to Consider Sanctions (Doc. 50), Plaintiff's Combined Notice to the Court, Motion for Protective Order, and Motion for Sanctions (Doc. 51), and Plaintiff's Motion for Sanctions (Doc. 56). For the following reasons, briefing on Plaintiff's Motions to Compel (Doc. 49; Doc. 51 at 3–4; Doc. 56 at 3–4) is **STAYED.** Plaintiff's Motions for a Protective Order (Docs. 43, 51) and Motions for Sanctions (Docs. 50, 51, 56) are **DENIED.**

**I.    BACKGROUND**

The Court previously summarized the facts of this case. Briefly, Plaintiff Papa M. Sow formerly worked as an employee at one of Defendant The SYGMA Network, Inc.'s ("Sygma") warehouses and was a member of the Teamsters Local 284 union. (Doc. 27 at ¶ 8). On November 30, 2022, Sygma terminated Plaintiff's employment. (*Id.* at ¶ 11). Now, Plaintiff alleges Sygma discriminated against him based on his race and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. (*Id.* at ¶ 1).

For several months, the parties have participated in discovery. Recently though, Defendant

notified the Court of difficulties scheduling Plaintiff's deposition before mediation. In a subsequent Order, the Court stated that Plaintiff is expected to be deposed prior to mediation. (Doc. 42). The Court also ordered Plaintiff to provide Defendant with deposition dates. (*Id.*). Nevertheless, Plaintiff filed a Motion for a Protective Order, asking the Court to prohibit his deposition until after mediation. (Doc. 43). Twice more, the Court ordered the parties to confer and report back with deposition dates. (Docs. 45, 48). Still, Plaintiff filed a Motion to Compel Discovery (Doc. 49), two Motions for Sanctions, and another Motion for Protective Order and Sanctions. (Docs. 49, 50, 51, 56). These Motions are ready for consideration. (*See* Doc. 54).

## II.  STANDARD OF REVIEW

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Determining the proper scope of discovery falls within the broad discretion of the trial court." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

Still, a party may resist disclosure under certain circumstances. Rule 26(c)(1) protects a party or entity from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016), *cert. denied sub nom*. *Fears v. Kasich*, 138 S. Ct. 191 (2017) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (quoting

2

*Father M. v. Various Tort Claimants* (*In re Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011)). Ultimately, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citation omitted).

### III. DISCUSSION

Plaintiff filed five Motions that overlap but can be split into three categories: (1) Motions for Protective Orders, (2) Motions for Sanctions, and (3) Motions to Compel. The Court addresses each category in turn.

#### A. Motions for Protective Orders

Plaintiff seeks an order protecting him from deposition until after mediation. (Doc. 43 at 3; Doc 51 at 3–4). As moving party, Plaintiff must demonstrate that issuing the Order would protect him from a specific, articulable harm. *In re Ohio Execution Protocol Litig.*, 845 F.3d, at 236. Plaintiff ultimately fails to do so.

Plaintiff does not articulate any prejudice or harm that will result from being deposed before mediation. *Id.* At most, he argues that a pre-mediation deposition is unnecessary and inconsistent with the scheduling order. (Doc. 43 at 3). For support, he claims that because mediation is set to occur before the conclusion of discovery, "[t]he Court clearly intended mediation to occur before full discovery." (*Id.*). Not so. As articulated in November, the Court intends that Plaintiff will be deposed before mediation. (Doc. 42 at 1). That intention has not changed. Rather, it has always been the Court's desire that the parties conduct enough discovery to allow for fruitful mediation. (*See, e.g.*, Doc. 38 (pushing mediation back to December so that discovery could more thoroughly progress before mediation)). And such discovery includes Plaintiff's deposition. Thus, Plaintiff's requests to be deposed after mediation (Docs. 43, 51 at 4,

3

56 at 4) are **DENIED.**

Fortunately, the parties agreed to a deposition date of December 29, 2025. (Doc. 53). The mediator in this case also filed a notice that the mediation date had been changed from December 15, 2025 to January 8, 2026. (Doc. 52). These new developments did not stop Plaintiff from filing two more motions for mediation to be held on December 15, though. (Doc. 51 at 4; Doc. 56 at 4). The Court is pleased that the parties have agreed to a deposition date and **DENIES** Plaintiff's requests to revert the mediation date to December 15 or to move it to another date prior to mediation (*Id.*). Plaintiff is **ORDERED** to attend his deposition on December 29, and to attend mediation on January 8 as scheduled.

      B.      **Motions for Sanctions**

Plaintiff moves for sanctions multiple times. First, Plaintiff moves for sanctions under Rule 11 "for Defendant's misrepresentation in the joint status report." (Doc. 50 at 1). Specifically, he claims that Defendant falsely reported that Plaintiff did not answer Defendant's phone call—Plaintiff says he returned that call later that afternoon. (*Id.*). Thus, says Plaintiff, Defendant's assertion that he did not answer and "failed to communicate" is "knowingly inaccurate." (*Id.* at 2). Confusingly, Defendant does not omit the returned call from the status report. (Doc. 46 at 1 ("Defendant's counsel attempted to reach Plaintiff by phone; when Plaintiff did not answer, counsel left a voicemail and sent an email . . . Plaintiff initiated a call to Defendant's counsel.")). Nor does Defendant make the assertion that Plaintiff failed to communicate. (*Id.*). Plaintiff nevertheless alleges that "Defendant further implied that Plaintiff remained unresponsive and failed to engage in necessary discovery communication." (Doc. 50 at 1). But again, nothing in the status report indicates that Plaintiff was unresponsive or failed to engage in discovery. Tellingly, Plaintiff presents no evidence of this implication beyond his unsubstantiated suspicions. Thus, his Motion (Doc. 50) is **DENIED.**

Second, Plaintiff moves for sanctions under Rule 16(f) and Rule 37 for Defendant's counsel's supposed improper communication with the mediator and improper modification of the case schedule. (Doc. 51 at 4). Plaintiff requests that Defendant's counsel be barred from *ex parte* communication with the mediator, including changing the mediation date without Plaintiff's consent. (Doc. 51 at 3; Doc. 56 at 4). He also asks for a "written admonishment or sanction against Defendant's counsel for repeated improper mediator contact." (Doc. 51 at 4). But neither of the rules Plaintiff cites provide for such remedies if a party or their attorney communicates with a mediator or reschedules mediation. In fact, while Rule 16(f) allows for sanctions where a party or attorney "fails to obey a scheduling or other pretrial order," Defendant's counsel did not fail to obey an order of this Court. Fed. R. Civ. P. 16(f). Rather, they effectuated the Court's previously articulated expectation that Plaintiff be deposed before mediation. (Doc. 42 at 1). Plaintiff also cites no case law to support his Motion and presents no evidence Defendant or counsel acted in bad faith. Plaintiff's Motions for Sanctions (Doc. 51 at 4; Doc. 56 at 4) are **DENIED.** While the Court declines to sanction Defendant's counsel, the parties are **REMINDED** that cooperation and open communication regarding the status of mediation is important.

Finally, Plaintiff moves for monetary sanctions to compensate his time working on these motions. (Doc. 51 at 4; Doc. 56 at 4). As a *pro se* plaintiff, however, Plaintiff is not entitled to attorney's fees and costs. *Kay v. Ehrler*, 499 U.S. 432, 435, 437 (1991). Plaintiff's requests for these fees are **DENIED**. Plaintiff may not ask for attorney fees in any future motions for sanctions while he proceeds *pro se*.

### C.     Motions to Compel

The Court turns now to Plaintiff's Motions to Compel. Plaintiff claims that Defendant has refused to participate in discovery. (Doc. 49 at 1). Namely, he says Defendant has failed to answer interrogatories, failed to produce documents, failed to answer requests for admission, and provided

5

an incomplete personnel file. (*Id.*). He asks that the Court compel Defendant to fulfill these discovery requests and to warn sanctions. (*Id.* at 3–4; Doc. 51 at 3–4)). Plaintiff's most recent Motion asks the Court again to compel this discovery. (Doc. 56 at 4). Accordingly, briefing on Plaintiff's Motions to Compel (*Id.*; Doc. 49; Doc. 51 at 3–4; Doc. 56 at 3–4) is **STAYED.** Instead, the parties should focus their efforts on mediation and conducting the deposition as scheduled.

More still, Plaintiff includes in his most recent Motion a request that the Court prohibit his deposition until Defendants produce all discovery he seeks. (Doc. 56 at 4). But the Court declines to allow Plaintiff to hold his testimony hostage. Because of the briefing stay, and because the Court ordered Plaintiff to attend his deposition on December 29, Plaintiff's request (*id*) is **DENIED as moot.**

Accordingly, once Plaintiff has been deposed and mediation has concluded, the Parties are **ORDERED** to confer and to file a joint status report updating the Court on the progress of the remaining discovery disputes. That status report is due no later than **January 12, 2026.** The Court will consider lifting the briefing stay at that time.

In the meantime, Plaintiff is **WARNED** that if he files more duplicative or procedurally improper motions, the Court will not hesitate to strike them.

*****

As a final note, Plaintiff includes a request at the end of his first Motion for Protective Order to "[c]ancel the subpoena order filed." (Doc. 43 at 3 (citation modified)). Plaintiff does not clarify the "subpoena order" to which he refers. (*Id.*). Still, the Court construes this as a request to quash the subpoenas *deus tecum* that Defendant intends to issue upon nonparties FedEx Ground Package System, Inc., T&E Logistics, and Supplyhouse Ohio LLC. (Doc. 41). But as a party, Plaintiff lacks standing to challenge the subpoenas issued to third parties. "The law is clear, absent

6

claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002); *Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *1 (N.D. Ohio Nov. 19, 2008) ("[A] party seeking to quash a subpoena served on a third party ordinarily lacks standing to challenge the subpoenas."). Plaintiff does not claim that the subpoenas would reveal privileged information, but rather that Plaintiff has "already responded to all discovery requests" and that Defendant has not. (Doc. 43 at 3). Thus, he lacks standing and the request is **DENIED.**

IV. CONCLUSION

For the foregoing reasons, Plaintiff's requests to be deposed after mediation (Docs. 43, 51, 56 at 4) are **DENIED.** Plaintiff's requests to revert the mediation date to December 15 or to move it to another date prior to deposition (Doc. 51 at 4; Doc. 56 at 4) are **DENIED**. Plaintiff is **ORDERED** to attend his deposition on December 29, and to attend mediation on January 8 as scheduled.

Plaintiff's Motions for Sanctions (*id.*) are **DENIED.** Briefing on Plaintiff's Motions to Compel (Doc. 49; Doc. 51 at 3–4; Doc. 56 at 3–4) is **STAYED.** Plaintiff's request to withhold deposition until after Defendants produce remaining discovery (Doc. 56 at 4) is **DENIED as moot.** Plaintiff's request to "[c]ancel the subpoena order filled" (Doc. 43 at 4) is **DENIED**.

Once Plaintiff has been deposed and mediation has concluded, the Parties are **ORDERED** to confer and to file a joint status report updating the Court on the progress of the remaining discovery disputes. That status report is due no later than **January 12, 2026.** The Court will consider lifting the briefing stay at that time.

The Clerk's Office is **DIRECTED** to email this order to Plaintiff at sowpapam151@gmail.com.

**IT IS SO ORDERED.**

7

8

Date:   December 16, 2025                              /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE