IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAPA M. SOW,

        Plaintiff,

  v.                                      Civil Action 2:23-cv-4125
                                            District Judge Algenon L. Marbley
                                            Magistrate Judge Kimberly A. Jolson

SYSCO CORP., et al.,

        Defendants.

## ORDER

On December 8, 2025, Plaintiff filed a motion to compel, arguing Defendant should be ordered to respond to certain discovery requests. (Doc. 49). The Court stayed briefing on the motion in order to give the parties the opportunity to resolve the dispute on their own. (Doc. 57). Over the course of two months, the parties were directed to file three joint status reports detailing their progress. (Docs. 58, 60, 62). Relevant now is the third status report, filed February 5 (Doc. 62). In it, Defendant asserts that it sufficiently responded to most of Plaintiff's discovery requests. (*Id.* at 1–2). And as to the remaining requests, Defendant says it is still working to obtain relevant disciplinary records, and it will produce these records to Plaintiff once it obtains them. (*Id.*). Accordingly, Defendant believes it has resolved all discovery issues and has addressed all of Plaintiff's asserted deficiencies. (*Id.*).

Plaintiff tells a different story. Attached as an exhibit to the status report is a February 5 letter from Plaintiff, detailing the remaining discovery responses he says he still needs. (*Id.* at 1; Doc. 62-1 (Plaintiff's letter)). He makes note of four categories of required discovery. First, he seeks complete responses to interrogatory 1. (Doc. 62-1 at 16). He says Defendant has not produced any communications involving Jeff Weber and asks that Defendant produce documents

addressing his involvement. (*Id.*). Second, Plaintiff says he needs complete responses to Document Request 6. (*Id.* at 17). Specifically, he alleges Defendant failed to produce documentation regarding Wade Blackbourn, including interview notes, statements, or reports involving him. (*Id.*). Third, Plaintiff wants complete responses to Document Requests 4 and 5. (*Id.*). Plaintiff recognizes that Defendant is in the process of acquiring off-site personnel files, but he still says he lacks comparator records, including completed "termination and rehire chronology for Mr. Hubley." (*Id.*). Finally, Plaintiff asks for complete responses to Interrogatory 4. (*Id.*). He says Defendant has not produced any documents related to Plaintiff's prior discrimination complaints, investigative findings, or other related communications. (*Id.*). All told, it is apparent that the parties fundamentally disagree about whether deficiencies remain.

This dispute must be resolved. **Within seven (7) days of this Order**, Plaintiff is **ORDERED** to file a supplemental motion to compel the specific information he listed in his February 5 letter. Defendant is **ORDERED** to file a response **within seven (7) days thereafter.** No reply shall be filed without leave of Court.

Importantly, the supplemental motion must fit within the following parameters. Plaintiff's supplemental motion shall not exceed ten (10) pages in length. His supplemental motion should address only the four categories of discovery he outlined in his letter. (Doc. 62-1 at 16–17). He must again cite those specific discovery requests and the authority as to how Defendant's responses are deficient. If Plaintiff's supplemental motion includes requests addressing any discovery not contemplated in his letter, the Court will deny those requests. Defendant's response shall also not exceed ten (10) pages in length.

Plaintiff is again **WARNED** that if he files duplicative or procedurally improper motions, the Court will not hesitate to strike them.

2

The Clerk's Office is **DIRECTED** to email this order to Plaintiff at sowpapam151@gmail.com.

**IT IS SO ORDERED.**

| | |
|---|---|
| Date:  February 6, 2026 | /s/ Kimberly A. Jolson<br>KIMBERLY A. JOLSON<br>UNITED STATES MAGISTRATE JUDGE |