IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAPA M. SOW,

      **Plaintiff,**

      **v.**

SYSCO CORP., et al.,

      **Defendants.**

**Civil Action 2:23-cv-4125**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

## OPINION & ORDER

Before the Court is Plaintiff's Motion to Compel and for Sanctions. (Doc. 69). For the following reasons, the Motion is **DENIED**.

## I.    BACKGROUND

A brief summary is enough here. For about fifteen years, Plaintiff Papa M. Sow worked at Defendant SYGMA Network, Inc.'s ("Sygma") warehouses. (Doc 27 at ¶ 8). On November 30, 2022, Sygma terminated Plaintiff's employment. (*Id.* at ¶¶ 8, 11). Plaintiff's Amended Complaint alleges that in doing so, Sygma discriminated against him because of his race and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. (*Id.* at ¶ 1).

Discovery in this case lasted many months. In December 2025, Plaintiff filed several duplicative and procedurally improper motions related to discovery, most of which the Court denied. (*See* Doc. 57). The Court eventually allowed full briefing on one: a motion to compel responses to certain discovery requests. (*Id.*; *see also* Docs. 58, 59, 61, 52, 53, 54, 65). The Court granted that motion in part and ordered Defendant to produce particular documents and information. (Doc. 66). Defendant certified that it did so. (Doc. 67). In the meantime, Defendant

also filed a motion for summary judgment.  (Doc. 68).

Now, Plaintiff—several days after the parties' deadline to file dispositive motions—seeks an order compelling Defendant to provide even more discovery.  (Doc. 69; *see also* Doc. 70 (status report repeating the same)).  He also asks that the Court impose unspecified sanctions.  (Doc. 69). The Court need not wait for full briefing on this matter, as it is easily resolved on Plaintiff's Motion alone.

## II.     STANDARD

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Determining the proper scope of discovery falls within the broad discretion of the trial court."  *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Id.* at 302 (citation omitted).  "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'"  *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  At base, "the scope of discovery is within the sound discretion of the trial court."  *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III.    DISCUSSION

As noted in the Court's prior discovery order, it is clear that Defendant produced a

significant amount of discovery to cure Plaintiff's previously identified deficiencies. (Doc. 66 at 2). And Defendant also complied with the Court's order to supplement its responses to Plaintiff's Interrogatory No. 4 and Request for Production No. 6. (Doc. 67). Defendant further certified its supplemental responses. (*Id.*). Still, Plaintiff is not satisfied.

Plaintiff asserts that as for Interrogatory No. 4, he "remains concerned that relevant records may exist in additional systems, custodians' files, or complaint-tracking systems." (Doc. 69 at 2). As for Request for Production No. 6, he "disputes whether all responsive materials have been produced." (*Id.*). Plaintiff additionally tries to raise issues the Court already resolved. (*Compare id.* at 2 (asserting Defendant's production remains deficient because it did not produce a statement from Wade Blackbourn) *with* Doc. 66 at 4 (denying Plaintiff's request to compel a statement from Mr. Blackbourn); *compare* Doc. 69 at 3 (stating comparator records appear incomplete) *with* Doc. 66 at 8 (denying Plaintiff's request to compel additional comparator records)). He also claims Defendant's statement of facts conflicts with other evidence. (Doc. 69 at 3).

At base, Plaintiff's discovery complaints appear grounded in little more than speculation. He provides no factual basis for his belief that Defendant's discovery responses are deficient. Contrary to his beliefs, Defendant has certified its supplemental responses. (Doc. 67). And, in letters to Plaintiff, Defendant's counsel informed him that no deficiencies remain. (*See* Doc. 69-1 at 3–8). Simply put, the Court cannot compel discovery based on Plaintiff's unsubstantiated suspicions. *Conley v. United States*, No. 2:10-CV-444, 2011 WL 5326133, at *2 (S.D. Ohio Nov. 4, 2011) ("A party may not move to compel discovery on the basis of a mere suspicion that the producing party has additional information that it failed to disclose."); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[W]e cannot assume, that the tug owners or Fortenbaugh were incomplete or dishonest in the framing of their answers."); *Harris v. Advance Am. Cash Advance*

*Centers, Inc.*, 288 F.R.D. 170, 175 (S.D. Ohio 2012) ("[P]laintiff cannot compel defendant to create a document in response to his requests for production of documents[.]").  Further, the Court need not spend time parsing issues it already decided.  Finally, to the extent Plaintiff attempts to combat Defendant's presentation of the facts, those arguments are not relevant to discovery requests.

Ultimately, the Court is satisfied that Defendant sufficiently responded to Plaintiff's discovery requests.  Nothing in Plaintiff's Motion or status report changes that.  For these reasons, Plaintiff's Motion to Compel and for Sanctions (Doc. 69) is **DENIED**.  At this juncture, Plaintiff's time is best spent responding to Defendant's motion for summary judgment (Doc. 68) by the May 14 deadline, rather than filing frivolous and untimely discovery motions.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel and for Sanctions (Doc. 69).

**IT IS SO ORDERED.**

Date:  May 6, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4